O

194

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Steven Dwayne Brown | ) | Case No. CV 15-00483 FMO (JEM) |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S MOTION TO RECUSE JUDGE OLGUIN** |
| v. | ) | [Dkt. 40] |
| Los Angeles Sheriff's Department, | ) | |
| Defendant. | ) | |

Presently before the court is Plaintiff Steven Dwayne Brown's Motion to Recuse Judge Olguin, filed December 3, 2015. Plaintiff seeks to recuse Judge Olguin under 28 U.S.C. § 144. Having reviewed Defendant's submission, the court DENIES the motion and adopts the following order.

Plaintiff asserts that Judge Olguin has a "deep seated antagonism" toward Plaintiff, as evidenced by Judge Olguin's refusal to rule upon one of Plaintiff's motions, filed August 17, 2015. "The test for personal bias or prejudice in [28 U.S.C. §] 144 is identical to that in section 455(b)(1) . . . ." <u>United States v. Sibla</u>, 624 F.2d 864, 867 (9th Cir. 1980). "Consequently,

a motion properly brought pursuant to section 144 will raise a question concerning recusal under section 455(b)(1) as well as section 144." Id. Under Section 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a),(b)(1). The Ninth Circuit has articulated the standard for disqualification under § 455 as follows:

> The test under § 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice. In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible.

F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations omitted).

Here, Plaintiff has not established that Judge Olguin's impartiality could reasonably be called into question. Contrary to Plaintiff's representation, he appears to have received a ruling on his August 17 Rule 60 motion on August 31, 2015, when Magistrate Judge McDermott ruled that Plaintiff's appeal to the Ninth Circuit deprived the district court of jurisdiction to consider the August 17 motion. See Dkt. 34. Further, as Magistrate Judge McDermott recently explained, Plaintiff's Rule 60 motion to "correct judgment enforcement" was filed prior to the entry of judgment in this case. See Dkt. 40 at 2. Although Plaintiff's Complaint has been

2

dismissed, it appears that Plaintiff was granted leave to amend to file a First Amended Complaint until January 7, 2016.  <u>Id.</u>  Plaintiff has failed to demonstrate that Judge Olguin harbors any "deep-seated and unequivocal antagonism" toward Plaintiff "that would render fair judgment impossible" in this action.  <u>F.J. Hanshaw Enters.</u>, 244 F.3d at 1144-45.  Accordingly, Plaintiff's Motion to Recuse Judge Olguin is DENIED.

IT IS SO ORDERED.

Dated: December 7, 2015

                                      DEAN D. PREGERSON
                                      United States District Judge